UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------X
PHILADELPHIA INDEMNITY INSURANCE         :   Docket No.: _____
COMPANY,                                 :
                                         :
                        Petitioner,      :   April 2, 2019
                                         :
-vs.-                                    :
                                         :
CONNECTICUT TREES OF HONOR               :
MEMORIAL, INC.,                          :
                                         :
                        Respondent.      :
-------------------------------------------------------X

**PETITION TO COMPEL ARBITRATION
PURSUANT TO SECTION 4 OF THE
<u>FEDERAL ARBITRATION ACT</u>**

Philadelphia Indemnity Insurance Company ("PIIC") brings this petition to pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, to compel the arbitration of questions relating to the availability of insurance coverage under several policies purchased by Connecticut Trees of Honor Memorial, Inc. ("CTHM" or "Respondent"), in accordance with the binding arbitration provisions that appear in them. For its petition, PIIC states as follows:

**INTRODUCTION**

1.  CTHM contracted with Douglas P. Fleming, LLC ("LLC"), to undertake certain construction and landscaping work in connection with Phase II of the Connecticut Trees of Honor Memorial project in Middletown. Before the work was complete, CTHM terminated the contract. Douglas Fleming, the principal of the LLC, demanded arbitration against CTHM, which resulted in the issuance of a reasoned award in October 2016, concluding that CTHM had breached its contract with the LLC. CTHM promptly paid the award.

2. Upset by CTHM's conduct during the arbitration, and dissatisfied that the award did not go further, Mr. Fleming subsequently commenced multiple lawsuits against CTHM.

3. One of those lawsuits is captioned *Douglas P. Fleming, LLC and Douglas Fleming v. Linden Landscape Architects, LLC, Thomas Linden and Connecticut Trees of Honor Memorial, Inc.*, No. HHD-CV17-6095933-S, which is pending in the Connecticut Superior Court for the Judicial District of Hartford at Hartford (the "Underlying Case"). The Underlying Case asserts seven counts against CTHM, all of which are alleged to have arisen out of the breach of contract that was the subject of the prior arbitration.

4. CTHM has tendered the Underlying Case to PIIC, which issued three relevant insurance policies. PIIC is defending CTHM in the Underlying Case under a reservation of rights.

5. Citing policy provisions that require disputes over insurance coverage to be arbitrated, PIIC demanded arbitration from CTHM on November 21, 2018.

6. More than four months later, despite two extensions, CTHM has neither accepted PIIC's coverage position nor taken any steps to participate in the arbitration.

7. CTHM is in breach of its obligations under the policies' arbitration clauses.

## THE PARTIES

8. Petitioner PIIC is a Pennsylvania-domiciled insurance company that maintains its principal place of business at One Bala Plaza in Bala Cynwyd, Pennsylvania.

9. Connecticut Trees of Honor, Inc., is a Connecticut non-stock corporation that, according to public records filed with the Connecticut Secretary of State, maintains its principal place of business in Bloomfield, Connecticut. It has a mailing address of P.O. Box 86, Cromwell, Connecticut 06416.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between the parties and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

11. The Underlying Plaintiff has refused an *Offer of Compromise* that is on the docket in the Underlying Case in the amount of $50,000; and, to date, PIIC has expended in excess of $25,000 to defend CTHM in that litigation.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because CTHM is domiciled in Connecticut, and the provisions that appear in the insurance policies require that binding arbitration between PIIC and CTHM take place in Connecticut.

## THE BINDING ARBITRATION PROVISIONS

13. CTHM purchased Policy No. PHPK1367609 from PIIC. That policy was in force over the period from September 23, 2015, to September 23, 2016. In relevant part, subject to all of its terms, conditions, endorsements, and exclusions, that policy provides CTHM with commercial general liability insurance coverage.

14. CTHM also purchased Policy No. PHPK1555856 from PIIC. That policy was in force over the period from September 23, 2016, to September 23, 2017. In relevant part, subject to all of its terms, conditions, endorsements, and exclusions, that policy also provides CTHM with commercial general liability insurance coverage. Collectively, Policies No. PHPK1367609 and PHPK1555856 are referred to below as the "GL policies."

15. Both of the GL policies state, in part:

**BINDING ARBITRATION**

If we and the insured do not agree whether coverage is provided under this Coverage Part for a claim made against the insured, then either party may make a written demand for arbitration.

> When this demand is made, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:
>
> > **1.** Pay the expenses it incurs; and
> >
> > **2.** Bear the expenses of the third arbitrator equally.
>
> Unless both parties agree otherwise, arbitration will take place in the county or parish in which the address shown in the Declarations is located. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

16. Separately, CTHM purchased Policy No. PHSD1170060 from PIIC. That policy was in force over the period from September 23, 2016, to September 23, 2017. In relevant part, subject to all of its terms, conditions, endorsements, and exclusions, that policy provides CTHM with certain non-profit organization directors' and officers' liability insurance coverage. For convenience, this policy will be referred to as the "D&O policy" below.

17. The D&O policy contains the following provision:

**FLEXI PLUS FIVE**
NOT-FOR-PROFIT ORGANIZATION DIRECTORS & OFFICERS LIABILITY INSURANCE

**Part 8**
Common Policy Conditions

> XV. ACTION AGAINST THE UNDERWRITER; ARBITRATION
>
> > B. Any dispute relating to this Policy or the alleged breach, termination or invalidity thereof, which cannot be resolved through negotiations between any **Insured** and the **Underwriter**, shall be submitted to binding arbitration. The rules of the American Arbitration Association shall apply except with respect to the selection of the arbitration panel. The panel shall consist of one arbitrator selected by such **Insured**, one arbitrator selected by the **Underwriter** and a third independent arbitrator selected by the first two arbitrators.

## FACTS

18. The Underlying Case was commenced in October 2017.

19. CTHM subsequently tendered the Underlying Case to PIIC, which accepted defense of it under the GL policies pursuant to a written reservation of rights, dated December 19, 2017.

20. PIIC supplemented its reservation of rights as the complaint in the Underlying Case was repeatedly amended. Supplemental reservations of rights issued on January 2, October 24, and November 15, 2018.

21. Among the grounds for PIIC's reservation of rights is the fact that the GL policies exclude coverage for any claim that arises out of a breach of contract. The Connecticut Superior Court, in a written order dated October 29, 2018, recognized that the Underlying Case pleads that the entire dispute arises out of the breach of the construction contract for Phase II of the Connecticut Trees of Honor Memorial project, which was determined in the prior arbitration. A true and correct copy of the Connecticut Superior Court's order is attached to this petition as **Exhibit A**.

22. PIIC has advised CTHM in writing that the D&O policy is not obligated to provide any coverage for the Underlying Claim because the D&O policy is excess over the GL policies on the facts of this matter, and that there are several different reasons why the D&O policy may never have any obligation to indemnify CTHM against the Underlying Case.

23. On November 21, 2018, PIIC sent CTHM a written demand for arbitration of questions of insurance coverage under both the GL policies and the D&O policy. A true and correct copy of that demand is attached to this petition as **Exhibit B**.

24. PIIC's demand quoted the binding arbitration clauses that appear in the GL policies and in the D&O policy, and reminded CTHM of PIIC's position that PIIC owes no coverage against the Underlying Case. The demand also identified PIIC's party-appointed arbitrator.

25. PIIC's demand requested that CTHM designate its arbitrator and respond to the demand within 30 days' time.

26. CTHM's principal, Susan Martucci, received the arbitration demand.

27. Through counsel, Ms. Martucci requested two extensions of time to respond to the arbitration demand, the second of which expired on February 22, 2019.

28. PIIC has not received any communication regarding the arbitration demand from CTHM or from its counsel since February 20, 2019.

29. To date, CTHM has not answered PIIC's arbitration demand or designated its party-appointed arbitrator.

## COUNT ONE
### (Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)

30. The petitioner repeats and realleges the allegations in Paragraphs 1 through 29 above, with the same force and effect as if stated herein.

31. The GL policies and the D&O policy, including their arbitration provisions, are valid and enforceable contracts.

32. CTHM voluntarily agreed to the terms of the insurance policies, including the arbitration provisions.

33. Whether there is insurance coverage for the Underlying Case is a matter that falls clearly and entirely within the scope of the arbitration clauses that appear in both the GL policies and the D&O policy, which require that any dispute relating to the policies, including whether there is coverage for a particular claim made against CTHM, be arbitrated by a three-person panel sitting in Connecticut

34. Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, empowers this Court to issue an order compelling CTHM to arbitrate the coverage questions, consistent with PIIC's demand.

## PRAYER FOR RELIEF

**WHEREFORE**, PIIC petitions this Court for:

a. An *Order*, pursuant to Section 4 of the Federal Arbitration Act, compelling arbitration as to whether PIIC owes CTHM either a defense or indemnity, or both, against the Underlying Case, under the GL policies and the D&O policy, before a three-person arbitration panel sitting in Connecticut that will be chosen according to the procedures set out in the policies, as well as any other claims that could be brought between PIIC and CTHM that arise out of or relate to the policies and coverage for the Underlying Case;

b. An *Order* requiring that the formal hearing in said arbitration be held within 120 days' time; and

c. Any other relief in favor of PIIC that to the Court seems just and proper.

Respectfully submitted,

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**

By its attorneys,

SULLOWAY & HOLLIS, P.L.L.C.

By:   */s/ Alexander G. Henlin*
         Alexander G. Henlin (# ct30575)
9 Capitol Street
Concord, New Hampshire 03301
(603) 223-2800 telephone
(603) 226-2404 facsimile
ahenlin@sulloway.com

Dated: April 2, 2019